IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LATONYA LANETTE CARSON, § § §  Movant, § § v. § § UNITED STATES of AMERICA, § §  Respondent. § § § | No. 3:19-cv-01787-M (BT) No. 3:15-cr-00211-M-2 |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant LaTonya Lanette Carson, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Carson's § 2255 motion.

I.

Following a five-day trial in October 2016, a jury found Carson guilty of numerous felony counts charged in a second superseding indictment, including: (1) conspiracy to commit theft of public funds, access device fraud, and wire fraud in violation of 18 U.S.C. § 371 (18 U.S.C. §§ 641, 1029(a)(2), and 1343) (count one); (2) aggravated identity theft and aiding and abetting in violation of 18 U.S.C. §§ 1028A and 2 (counts seven, eight,

1

and ten); (3) conspiracy to money lauder in violation of 18 U.S.C. § 1956(h) (18 U.S.C. § 1956(a)(1)(B)(i)) (count nineteen): (4) money laundering and aiding and abetting in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 (counts twenty-three through twenty-six); and (5) wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2 (counts forty-three, forty-four, and forty-six). The District Court sentenced Carson to a total term of 120 months' imprisonment and ordered her to pay $5,610,831.00 in restitution. Carson appealed, but the Fifth Circuit affirmed the District Court's judgment. (CR ECF No. 238).[1] *See United States v. Carson*, 734 F. App'x 316 (5th Cir. 2018) (per curiam). Carson then filed this § 2255 motion (CV ECF No. 2). In two general grounds for relief, Carson argues:

(1)  her retained trial attorney provided ineffective assistance of counsel when he failed to:

   a.  call two co-conspirators who were key witnesses as witnesses;

   b.  call agent Stan Foley as a witness and cross-examine agent Robert White;

   c.  introduce vital evidence of recorded phone conversations with Carson and Mr. Edomwonyi;

   d.  file a motion for discovery not received from the prosecution; and

   e.  prepare and properly question the Green Dot representative; and

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to the civil action, Case No. 3:19-cv-01787-M-BT, and "CR ECF" refers to the criminal action, Case No. 3:15-cr-00211-M-2.

2

(2) the IRS analyst, Destiny Williams, provided information that was inconsistent with facts contained in the Presentence Report (PSR).

The Government responds that Carson's first claim fails because she made no attempt to demonstrate prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), and her second claim is fatally vague, procedurally defaulted, and not cognizable in this § 2255 proceeding.

II.

A. Carson's ineffective assistance of counsel claims fail under *Strickland*.

In her first claim, Carson argues that her trial attorney failed to call two co-conspirators, Smith Akin and Ricardo Solomon, to testify at her trial. Mot. 4 (CV ECF No. 2). According to Carson, the District Court called out her attorney for agreeing with the prosecution to not mention Akin "for the sake of trial." *Id.* Carson contends that her attorney erred by failing to interview and investigate these witnesses prior to trial. *Id.* Carson further contends that her attorney should have called Stan Foley as a witness and questioned him, and cross-examined another witness, Robert White, about Carson's interrogation after her initial arrest. *Id.* Finally, Carson argues that her attorney provided ineffective assistance of counsel when he failed to introduce evidence of recorded phone conversations between Carson and Edomwonyi, failed to file a motion for discovery, and failed to prepare and properly question the Green Dot representative.

3

To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

"Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986) (citing *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984)); *see also Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983) (citing *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). To show ineffective assistance of counsel in the context of an uncalled witness, a movant must: (1) name the witness he would have called; (2) show the witness would have been available to testify; (3) show the witness would have testified; and (4) show there is a reasonable probability the witness would have provided testimony that would have made a difference in the outcome of the trial. *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008) (per curiam) (citing

4

*Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)); *see also Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984) (petitioner failed to meet his burden of showing that uncalled witnesses would have testified favorably to his case). When "the only evidence of a missing witnesses' [sic] testimony is from the [movant], this Court views the claims of ineffective assistance with great caution." *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001) (quoting *Lockhart*, 782 F.2d at 1282). Generally, when a movant fails to present at least some evidence from an uncalled witness regarding the witness's potential testimony and willingness to testify, it is fatal to an ineffective assistance of counsel claim. *Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir. 2007); *see also Sayre*, 238 F.3d at 636.

Here, Carson argues that her attorney should have called Akin, Solomon, and Foley as witnesses at her trial. Mot. 4 (CV ECF No. 2). Without elaboration, she asserts that she "knows" Akin and Solomon would have provided "favorable testimony" if interviewed and called to testify. Reply 1 (CV ECF No. 12). Carson contends that her trial attorney had an agreement with the prosecutor not to mention her co-conspirators Akin and Solomon at trial. *Id.* 2. She also contends that her attorney's decision not to put Akin on the stand was related "to his lack of preparation." *Id.* Finally, Carson contends that Akin and Solomon could have served as witnesses to verify the voice on audio recordings Carson made. *Id.* 3.

5

Even if Carson had sufficiently identified the content of Akin, Solomon, and Foley's testimony, she has not provided an affidavit from any of them stating they would have testified if called and describing the content of their anticipated testimony. *See Harrison*, 496 F.3d at 428; *see also Sayre*, 238 F.3d at 636. This omission precludes Carson from demonstrating that her trial attorney was deficient in failing to call Akin, Solomon, and Foley. After all, her attorney's decision not to call these three individuals could have been a strategic decision, and under *Strickland*, a court's review of counsel's performance should be "highly deferential." 466 U.S. at 698. This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021). In sum, a court should reject an ineffective assistance of counsel claim based on the alleged failure to call witnesses where the movant "failed in the basic requirement that he establish the proposed witnesses were available, would have testified, and their testimony would have been favorable to him." *See Simpson v. United States*, 2019 WL 1433188, at *2 (N.D. Tex. Mar. 6, 2019), *rec. adopted* 2019 WL 1425256 (N.D. Tex. Mar. 29, 2019) (citing *United States v. Fields*, 761 F.3d 443, 461 (5th Cir. 2014) (to demonstrate prejudice

6

under *Strickland* with a claim based on failure to call a lay or expert witness, the movant must name the witness, demonstrate the witness's availability and willingness to testify, identify the witness's proposed testimony, and show the testimony would have been favorable to the defense)); *see also Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

Even if a movant proves his counsel's performance was deficient, a movant must still prove prejudice. *See Strickland*, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). To prove prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In this case, Carson does not allege that her attorney's deficient performance prejudiced her; nor has she demonstrated she was prejudiced. This deficiency is fatal to her ineffective assistance of counsel claims. *See United States v. Ischy*, 184 F.3d 817, at *1 (5th Cir. 1999) (per curiam) (finding the movant failed to establish prejudice under *Strickland*, and it

7

defeated his ineffective assistance of counsel claim) (citing *Strickland*, 466 U.S. at 697).

For these reasons, Carson's ineffective assistance of counsel claims fail.

2. Carson's second claim is fatally vague, procedurally defaulted, and not cognizable in this habeas action.

Carson argues in her second claim that Destiny Williams, the IRS analyst, provided information that was inconsistent with facts contained in her PSR. Mot. 6 (CV ECF No. 2). Specifically, she argues that six counts of conviction should be set aside because:

> IRS analyst, Destiny Williams, stated under oath that refunds were obtained during federal confinement for three separate men referred to as: R.W., D.C., and P.W., all with Ms. Carson's assistance. Ms. Carson's PSR contains information contradictory to the analyst's reported findings. The report indicates that the refunds were never received by any individual of record which is opposite of the under oath testimony given by the IRS analyst in Ms. Carson's day of court.

*Id.*

Allegations by a *pro se* litigant must be given liberal construction to ensure their claims are not unfairly dismissed due to their unfamiliarity with the law. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, Carson's argument in support of her second claim is legally insufficient because it is fatally vague. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (the court declined to consider a vague ineffective assistance of counsel claim). "[M]ere conclusory allegations on a critical issue are

8

insufficient to raise a constitutional issue." *Id.* at 23 (quoting *United States v. Woods,* 870 F.2d 285, 298 n.3 (5th Cir. 1989)); *see also Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition … to be of probative evidentiary value.").

Carson fails to explain the substance of Destiny Williams's trial testimony or how her testimony is inconsistent with the information set forth in the PSR. In her second claim, it appears Carson is referring to PSR paragraph 27, but that paragraph does not provide support for the second claim in her § 2255 motion, which alleges the information in the PSR is somehow inconsistent with the testimony adduced at trial. Mot. 6 (CV ECF No. 2). Paragraph 27 explains that a search of Carson's apartment revealed that in 2012 she fraudulently filed or assisted in the filing of tax returns for people who were in federal prison. PSR ¶ 27. That paragraph also states that evidence of Carson's crime was admitted during her trial when "[a] representative of Tax Act introduced into evidence business records [that] show the transaction history captured for three inmate returns. They reflect the same information that Carson possessed. Specifically, the three prisoner income tax returns filed with the IRS reflect the same taxpayer's addresses, routing numbers and bank account numbers as those possessed in Carson's notebook." PSR ¶ 27. Paragraph 27 relies on testimony from Carson's trial,

9

so there is no apparent inconsistency, and because Carson fails to explain the precise nature of her second claim, it should be denied with prejudice.

Even if Carson's second claim was not fatally vague, the claim has been procedurally defaulted. When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *see also United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Carson did not raise her second claim before the Fifth Circuit Court of Appeals on direct appeal. And now she has not attempted to demonstrate cause and actual prejudice or actual innocence to excuse the procedural default. Accordingly, Carson's second claim should be dismissed as procedurally defaulted.

Moreover, Carson's second claim does not appear to be cognizable under § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (§ 2255 motions can raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice, and because misapplications of the sentencing guidelines do not fall into either category, they are not cognizable in § 2255 motions); *see also Robertson v. United States*, 2021 WL 662108, at *2 (N.D. Tex. Feb. 19, 2021) (citing *Williamson*, 183 F.3d at 462). Carson's claim is neither jurisdictional nor Constitutional, and at most, it consists of

10

allegations that a witness provided inaccurate trial testimony. *See United States v. Cervantes,* 132 F.3d 1106, 1109 (5th Cir. 1998) ("[R]eview of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude which may not be raised for the first time on collateral review[.]"). Therefore, Carson's second claim is not cognizable in this § 2255 action and should be dismissed.

### III.

The District Court should DENY Carson's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed March 31, 2022.

_____
REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).